Nash, J.
 

 There is no error that we can perceive in the charge of the Judge below. In the case as brought before us, the gist of the plaintiff’s complaint is the unsoundness of the negro Bob, at the time of the sale, and the fraudulent concealment of it by the defendant, and, throughout the argument here, his right to damages has been placed on the same ground. The attention of his Honor below appears to have been confined to the same points. The jury were accordingly instructed, that, to entitle the plaintiff to recover, he must show to their satisfaction, that, at the time of the sale, he was unsound in mind or body, and that such unsoundness might proceed from a habit of drunkenness, as well as from any other cause, but that a mere propensity to drink would not be in law sufficient to constitute unsoundness, unless this had been produced by it at the time he was sold. It is true, both here and in the court below, it was argued, that Bob had acquired such a
 
 habit
 
 of intemperance as materially impaired his value. But a habit is not, in itself, unsound
 
 *469
 
 ness, though it unquestionably may produce it, and the declaration was for unsoundness ; and it is also true, that a fraud may as well be practiced by the vendor in concealing the habit oí the animal sold, as in any other way. If, for instance, a horse is wanted for the harness, and one is sold with a knowledge of the seller of the use to which he is to be applied, and he_conceals the fact of his being vicious in harness, or represents him as gentle, there can be no doubt that, in either case, he is guilty of a fraud, for which an action in deceit lies.
 

 This is not the case before us. The declaration is for unsoundness of mind, produced by intemperance, and the Judge, in his charge, properly confined himself to it.
 

 We perceive no error in the charge and the judgment is affirmed.
 

 Per Curiam. Judgment affirmed.